James L. Dunlap, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

Argued October 7, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as panel of three.

*Michael L. Golden,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, December 10, 1976:

This is an appeal by James L. Dunlap from an order of the Unemployment Compensation Board of Review dated September 10, 1973, affirming a referee's decision disallowing unemployment compensation benefits.

Dunlap had been employed by Sears, Roebuck and Company (Sears) for thirty-two years prior to January 22, 1975, when he was discharged for falsifying his reason for absence on January 17, 1975. Dunlap had a history of absenteeism and tardiness and had received two written and two oral warnings from his superiors regarding this problem.

On January 17, 1975, Dunlap called Sears and received permission to arrive late for work so that he could attend to the clothing needs of his school-age daughter. The record in this case indicates that Dunlap did not go to the daughter's school, although the necessity of doing so was the reason given by him for his expected late arrival. Moreover, Dunlap did not report to work at all on the date in question.

The issue before us is whether under these facts the employer was justified in discharging Dunlap for willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), provides that an employe shall be ineligible for compensation for any week:

> (e) In which his employment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

The term "willful misconduct" is not defined in the statute, but has been defined by our courts as an act or course of conduct which amounts to a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of standards of behavior which the employer has a right to expect of his employe; or negligence in such degree or recurrence as to manifest culpability, wrongful intent, evil design, or show intentional and substantial disregard of the employer's interest. *Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 237, 309 A.2d 840, 841 (1973); *Kentucky Fried Chicken of Altoona,*

*Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168 (1973).

Although it seems harsh to deny benefits to a man who has worked thirty-two years for the same employer, it also seems logical that this employe would know the rules of his employer requiring that he give a truthful reason for an absence or late arrival and report to work when the reason for his excused absence or tardiness has ceased to exist. When, as the record shows, an employe has either fabricated a reason for a late arrival or has chosen not to report to work after the necessitous circumstances which had induced his employer to excuse a late arrival had ceased to exist, there is a showing of willful misconduct.

We conclude that the record supports the referee's findings and the Board's affirmation. *Unemployment Compensation Board of Review v. Finn,* 25 Pa. Commonwealth Ct. 512, 360 A.2d 288 (1976). Although advance warnings are not a prerequisite to discharge for willful misconduct, *Blystone v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 180, 342 A.2d 772 (1975), Dunlap was given four warnings and was notified of the possibility of discharge for unauthorized absence or lateness. This adds to the willfulness of the misconduct.

Dunlap also raises the specter of a violation of his constitutional rights to due process. We have carefully reviewed the short record in this case and conclude that he was given proper notice and a fair hearing, and that he was not deprived of any due process rights.

ORDER

Now, this 10th day of December, 1976, the order of the Unemployment Compensation Board of Review is hereby affirmed.