Frank D. Zelonis, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Claudia J. Martin*, for petitioner.

*John T. Kupchinsky*, Assistant Attorney General, with him *Gerald Gornish*, Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., January 4, 1979:

This is an appeal from an order of the Unemployment Compensation Board of Review (Board) affirming a decision of the referee denying unemployment compensation benefits to petitioner (claimant) on the grounds of willful misconduct pursuant to Section 402

(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant had been employed as a hotel reservations clerk at The Summit Resort (employer) for a period of 10 months prior to January 18, 1977, when he was discharged for falsifying the nature and source of a telephone call he received while on duty. Due to the nature of the employer's business, employees were prohibited from using the employer's business telephone for personal calls except in emergencies. On claimant's last day of work, while claimant was engaged in a telephone call with a co-worker concerning a back pay dispute with the employer, he was asked by the employer whether the call was an emergency. Claimant replied that it was and that call was from his wife. Upon being informed of the true nature and source of the telephone call, the employer called the claimant into his office and asked him whether the call was in fact from his wife. When claimant insisted it was, he was discharged.

The Bureau of Employment Security initially allowed benefits. The employer appealed and after a hearing the referee rendered a decision denying benefits which was affirmed by the Board.

The issue is whether under these facts there was substantial evidence to justify the conclusion that claimant was guilty of willful misconduct. Willful misconduct, within the meaning of Section 402(e) of the Law has been defined by this Court as an act or course of conduct which amounts to a wanton or willful disregard of the employer's interest; a deliberate violation of the employer's rules; a disregard of the standards of behavior an employer has a right to expect of an employee; or negligence of such a degree or extent so as to manifest an intentional or substantial disregard of the employer's interest. *Harbutz v.*

*Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 235, 309 A.2d 840 (1973). Within this definition, this Court and our Superior Court have held that a knowing falsehood or misrepresentation to the employer concerning the employee's work constitutes a willful disregard of the employer's interest and a departure from the standards of behavior an employer can rightfully expect of an employee. *See Dunlap v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976); *Miokovic Unemployment Compensation Case,* 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).

The claimant argues that, because he wanted to avoid a confrontation with the employer, had he disclosed that the call involved a labor dispute, he was justified in making the misrepresentation under the rule in *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). *Frumento* held that there may be compelling circumstances to justify a deliberate violation of the employer's rules. Assuming arguendo that there may be compelling circumstances to justify an employee's deliberate misrepresentation, the desire to avoid a conflict with the employer does not constitute compelling grounds. This is especially true when, as here, the employee is given an opportunity to correct the misrepresentation and refuses to do so. We conclude, therefore, that the referee and the Board were justified in concluding that claimant's deliberate misrepresentation to his employer was willful misconduct within the meaning of Section 402(e) of the Law.

Accordingly, we will enter the following

ORDER

AND Now, January 4, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-144368, dated April 25, 1977, is hereby affirmed.