Mark Suchter, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges BLATT, DiSALLE and CRAIG, sitting as a panel of three.

*Raymond Talipski,* for petitioner.

*David Confer,* Assistant Attorney General, with him *William J. Kennedy,* Assistant Attorney General, and *Edward G. Biester, Jr.,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRAIG, September 13, 1979:

Claimant appeals from the Unemployment Compensation Board of Review's determination, on reconsideration, that his discharge from employment for falsifying a reason for his absence and improperly reporting his absence, constituted willful misconduct disqualifying him for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

Claimant alleges that the Board's findings of fact do not support the legal conclusion that his conduct was willful misconduct. The Board found that:

2. The claimant was discharged because he was absent from work on Saturday, May 21, 1977 without properly reporting off and because he gave a false reason for his absence on this date.

. . . .

6. The claimant felt that if he had asked for a day off to go to a wedding, it would not have been granted because the employer was short-handed due to the marriage of another employee on May 20, 1977.

Although the term "willful misconduct" is not defined in the statute, this court has held that fabrication by an employee of an excuse for absence constitutes willful misconduct. *Dunlap v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976). *See also: Miokovic Un-*

----

[1] Act of December 5, 1936, Second Ex. Sess.. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

*employment Compensation Case,* 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).

In this case, claimant confirmed the fact that on May 21, 1977 he notified his employer that he was ill and would not report to work as scheduled, but nevertheless, a few hours later, attended a wedding in Allentown (his residence being in Scranton).

A knowing misrepresentation to the employer concerning the employee's work constitutes a willful disregard of the employer's interest, and a desire to avoid a conflict with the employer does not constitute a compelling circumstance which justifies a deliberate misrepresentation. *Zelonis v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 576, 395 A.2d 712 (1979).

We affirm the order of the Board.

### ORDER

AND Now, this 13th day of September, 1979, the order of the Unemployment Compensation Board of Review in this case, dated April 6, 1978, is affirmed.