49 Pa. Commonwealth Ct. 394 (1980)
Jerome Smith, Petitioner
v.
Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.
No. 2762 C.D. 1978.
Commonwealth Court of Pennsylvania.
Argued December 5, 1979.
February 21, 1980.
*395 Argued December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.
William R. Saul, for petitioner.
Elsa D. Newman, Assistant Attorney General, Richard Wagner, Chief Counsel and Edard G. Biester, Jr., Attorney General, for respondent.
OPINION BY JUDGE CRAIG, February 21, 1980:
Claimant Jerome Smith appeals from a decision of the Unemployment Compensation Board of Review, which held that claimant was ineligible for benefits under Section 402(e), 43 P.S. § 802(e) of the Unemployment Compensation Law,[1] because his discharge from Leech, Inc. was precipitated by an act of willful misconduct.
The referee and board, resolving conflicting testimony, found that claimant requested and received permission from his employer to leave work three hours early to tend to an "emergency at home." Later in the day claimant telephoned his employer and told him that he had taken a friend to the hospital from his friend's in-law's home; there was no emergency at claimant's home.
*396 Employer discharged claimant for falsifying his reason for taking time off.
On appeal, claimant alleges that his conduct did not amount to willful misconduct as a matter of law, a question subject to our review. Lipfert v. Unemployment Compensation Board of Review, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).
Although claimant denied making any reference to an emergency at his own home, the trier of fact, as the arbiter of credibility, was empowered to accept the testimony of the employer's representative instead.
This court has held that a knowing falsehood or misrepresentation to the employer concerning the employee's work constitutes a willful disregard of the employer's interest and a departure from the standards of behavior an employer can rightfully expect of an employee, and therefore is willful misconduct under the statute. Zelonis v. Unemployment Compensation Board of Review, 39 Pa. Commonwealth Ct. 516, 395 A.2d 712 (1979); Dunlap v. Unemployment Compensation Board of Review, 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976); Miokovic Unemployment Compensation Case, 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).
Claimant's request to his employer for permission to leave work early to tend to an emergency at home, when in fact claimant knew he was leaving to help a friend, was clearly a misrepresentation and thus constitutes willful misconduct.
Therefore, we affirm the order of the board.

ORDER
AND NOW, this 21st day of February, 1980, the November 3, 1978 decision of the Unemployment Compensation Board of Review is hereby affirmed.
*397 This decision was reached prior to the death of President Judge BOWMAN.
Judge DiSALLE did not participate in the decision in this case.
NOTES
[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e).