Bernard Walkowsky, Petitioner v. Commonwealth of Pennsylvania, Unemloyment Compensation Board of Review, Respondent.

Argued October 5, 1981, before Judges Mencer, MacPhail and Palladino, sitting as a panel of three.

*E. R. Walker, Kuyat & Walker*, for petitioner.

*Karen Durkin*, Associate Counsel, with her *William Kennedy*, Associate Counsel, *Richard Wagner*, Counsel, and *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 30, 1981:

Bernard Walkowsky (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied benefits for willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

In November 1978, Claimant was employed by David Selders (Employer) in his bathroom installation business. After he was discharged on March 26, 1979, Claimant applied for unemployment compensation benefits. The Employer testified that he had discharged Claimant for lying.[1]

The referee made the following relevant findings of fact, which were adopted by the Board:

3. The employer just prior to March 21, 1979 received a written request from a future employer of the claimant and on March 21, 1979 the employer asked the claimant when the last

---

[1] The Employer testified as follows:

Q. What brought about the discharge on March 26?

A. Well, the acts of lying. I said if I'm going to have a person that can't be truthful and honest working for me, then I don't want him working for me because this is going to hurt me more than help me.

job application for another employer was made by the claimant. Claimant responded by saying, *'to tell you the truth Dave, it was long before I came to work for you'.*

4. The employer asked the claimant again about the job application with another employer on March 22, 1979; however, the employer let the claimant know this time that he had received the inquiry from the future employer.

5. The employer on March 22, 1979 had occasion to ask the claimant about how much time he took for lunch on March 21, 1979 and again claimant did not tell the truth.

6. The claimant on March 23, 1979 took off work early at 3:00 PM instead of 4:30 PM without permission.
(Emphasis in original.)

In its brief and at oral argument, the Board admitted that there was no competent evidence to support finding of fact number 5. Accordingly we will disregard that finding.

Claimant contends that his conversation with his Employer regarding his job application to another employer does not rise to the level of willful misconduct. Our review of the record indicates that apparently the Employer received some kind of inquiry from another employer concerning the Claimant which indicated that Claimant had applied for employment with the inquirer. When Claimant's employer confronted him about his application for other employment, the Claimant replied that he had made that application before he accepted his present employment. In that conversation, Claimant did not tell the Employer that he had renewed the application for other employment after coming to work for his present employer. The following day when his Employer again asked about

the other application for employment Claimant admitted that he had refiled the application. The Employer contends that Claimant was untruthful about this matter and that this was willful misconduct. The Board agreed.

There is no question of credibility of witnesses here; the only question is whether the conversations between the Claimant and his Employer on the matter of his application for another job constituted willful misconduct. Whether or not an employee's conduct which results in dismissal is willful misconduct is an issue of law and subject to review by this Court. *Murraysville Telephone Co. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 35, 398 A.2d 250 (1979). Where an employee deliberately lies or misleads his employer as to matters which directly affect the employee's work, such actions may constitute willful misconduct. *Zelonis v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 516, 395 A.2d 712 (1979) (claimant denied benefits for falsifying the nature and source of a telephone call he received while on duty); *Smith v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 394, 411 A.2d 280 (1980) (claimant denied benefits for requesting permission to leave work early to tend to an emergency at home, when in fact claimant knew he was leaving to help a friend). Here, however, Claimant was privately seeking other employment which he had the absolute right to do. He had done nothing to adversely affect his employer's interests simply by making an application for employment elsewhere. There is nothing in the record which would indicate that Claimant would not have given the Employer two weeks notice of termination as required under his work rules. Claimant did not mislead his Employer regarding his application except as to the timing of it. Indeed, Claimant had no duty to inform

his Employer that he was seeking employment elsewhere. Had he done so, his job would certainly have been in jeopardy. While Claimant's actions in this regard may constitute grounds for dismissal, they do not rise to the level of conduct which is wanton and willful disregard of the employer's interests, deliberate violation of the employer's rules, disregard of standards of behavior the employer might reasonably expect from him or negligence which would manifest culpability, wrongful intent, evil design or intentional and substantial disregard of his employer's interest or of the claimant's duties and obligations. *Murraysville.*

Finally, the Board found that Claimant left his place of employment at 3:00 PM instead of 4:30 PM. Claimant testified that he was leveling gravel on his Employer's driveway which was next door to his workplace from 3:00 PM until 4:00 PM. The Employer testified that he was willing to give Claimant the benefit of the doubt concerning his whereabouts after 3:00 PM but that the Claimant should have been at the workplace. In any event, it is clear that Claimant did leave the work-place early without his Employer's permission. However, whether leaving the work-place one and one-half hours early constitutes willful misconduct is not the issue. The issue raised by the Employer is whether Claimant lied about the matter. The reason why the Employer discharged Claimant was that he *lied* about his leaving.[2] Nowhere in the record is there any evidence that Claimant lied about leaving the work-place at 3:00 PM. On the contrary, he admitted it. Since the burden of proving willful misconduct is on the employer, *Murraysville,* and the Employer has failed to prove that Claimant lied in this respect, again we must hold that there is no willful misconduct.

Order reversed.

---

[2] *See* note 1 *supra.*

## ORDER

AND Now, this 30th day of December, 1981, the order of the Unemployment Compensation Board of Review, dated August 15, 1979, denying benefits to Bernard Walkowsky, is reversed.

Judge MENCER dissents.