Peter Diachenko, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 31, 1983 to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Peter Diachenko,* petitioner, for himself.

*Karen Durkin,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 18, 1983:

Peter Diachenko (claimant) appeals from an order of the Unemployment Compensation Board of Review denying him unemployment benefits. The board found that the claimant's employer, the Walso Bureau, Inc., had discharged him for willful misconduct, and therefore concluded that he was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1]

Until his discharge, the claimant had been an insurance adjuster with the Walso Bureau. The claimant's assignment on May 28, 1980, was to observe and photograph a designated individual. In his report of that day, the claimant stated that he had been on that assignment between 1:00 p.m. and 2:00 p.m., when, according to a finding of the board, he in fact had been in a department store four or five miles distant. On May 30, 1980, the company president, Terry Rulli, discharged the claimant for the falsification of company records.

In his pro se brief, the claimant denies that his actions constituted willful misconduct, contending that

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended,* 43 P.S. §802(e).

his department store visit was necessary, to use the toilet and to purchase oil and windshield-cleaning items for his automobile.

Following the applicable review standards,[2] we must reject the claimant's position and affirm the order of the board.

Although there were conflicts in the testimony, the record does contain substantial evidence to support the board's findings of fact.[3]

We have consistently held that "a knowing falsehood or misrepresentation to the employer concerning the employee's work constitutes . . . wilful misconduct under the statute."[4]

The claimant's justifications for leaving his surveillance assignment, however rational, cannot serve to excuse the misconduct which is actually at issue here—the falsification of his report.

Accordingly, we affirm the order of the board.

## ORDER

Now, March 18, 1983, the order of the Unemployment Compensation Board of Review, Number B-190333, dated December 8, 1980, is affirmed.

[2] *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977) ; *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

[3] *Mt. Lebanon School District v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 539, 541, 409 A.2d 1205, 1206 (1980).

[4] *Smith v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 394, 396, 411 A.2d 280, 281 (1980) (falsification of reason for early departure from work). *See also Suchter v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 1, 405 A.2d 1075 (1979) (falsification of reason for day off) ; *Dunlap v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976) (falsification of reason for absence).