514 A.2d 287

Mary Cillo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 14, 1986, to President Judge CRUMLISH, JR., and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

*Stanley M. Stein, Feldstein, Grinberg, Stein & McKee,* for intervening respondent, Liken Nursing Services.

OPINION BY SENIOR JUDGE ROGERS, August 28, 1986:

The claimant in this unemployment compensation case, Mary Cillo, is a registered nurse who, after a separation from her employment by a hospital under circumstances which qualified her for compensation, sought and found employment with Liken Nursing Services (employer), a supplier of nurses to private persons and institutions. The claimant began work for Likens in June or July of 1981; she last worked for them on September 18, 1983. This case concerns her entitlement to compensation for the weeks ending September 24, 1983 through October 22, 1983.

The issue was and is whether the claimant was, during the weeks just mentioned, in the words of Section 401(d)(1) of the Unemployment Compensation Law, 43 P.S. §801(d)(1), "able to work and available for suitable work." The Office of Employment Security decided that she was; a referee, whose decision the Board of Review affirmed, held that she was not. The claimant has appealed the board's decision.

The employer's contest was based upon the assertion, accepted by the referee and the board, that the

claimant had so conditioned and limited her hours of work that she was in fact not available for suitable work.

The principles applicable in Section 401(d)(1) cases are familiar and have been stated as:

"The basic purpose of the statutory requirement of availability is to establish that a claimant is actually and currently attached to the labor force. . . . It is clear that a claimant is attached to the labor force so long as he is able to do some type of work and there is reasonable opportunity for securing such work in the vicinity in which he lives." *Quiggle Unemployment Compensation Case,* 172 Pa. Superior Ct. 430, 435, 94 A.2d 367, 370 (1953).

"Whether or not a claimant is able to do some type of work, and whether or not a reasonable opportunity for securing such work exists, are usually questions of fact for the Board." *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 247, 385 A.2d 634, 636 (1978).

"[The] statute [does not] require that the claimant shall be available for full-time work, or for permanent, as distinguished from temporary employment. . . . It is sufficient if he is able to do some type of work, and there is a reasonable opportunity for securing such work." *Sturdevant Unemployment Compensation Case,* 158 Pa. Superior Ct. 548, 561, 45 A.2d 898, 905 (1946).

"While it is generally necessary for the referee to conduct a factual inquiry into the conditions of the local labor market before it can be held that a claimant's conditions or limitations as to employment have rendered him or her unavailable, some restrictions on availability are so untenable and illustrative of a lack of good faith on the part of the claimant on their face as to be disqualifying as a matter of law." *Craig v. Unemployment Compensation Board of Review,* 65 Pa. Commonwealth Ct. 305, 309, 442 A.2d 400, 402 (1982).

"There is no question that some restrictions on availability are, as a matter of law, disqualifying. For instance, if a claimant restricts employment to one or two hours per day, or to a short period of time in the middle of the night, there could be no doubt that such a person is not attached to the labor market in a meaningful way. The question then resolves itself to a matter of drawing the line between those cases where a claim of reasonable availability is patently untenable and those in which a worthwhile factual inquiry may be conducted into the local labor market." *Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 25, 354 A.2d 260, 262 (1976).

The referee in this case made no inquiry into the local labor market. He nevertheless found that "the claimant is not realistically attached to the labor market." Were the conditions and limitations which the claimant placed upon her employment such that it can be said as a matter of law that she has effectively removed herself from the labor market?

The claimant is, as we have said, a registered nurse. She lives in Coraopolis, a suburb of Pittsburgh. Her labor market is clearly the city and at least its western suburbs. Indeed, her employer's place of business is in the city.

The claimant is the mother of four children, the eldest seven years of age. Her husband, apparently a real estate agent, works seven days a week and requires the exclusive use of the family automobile. This requires that the claimant work at locations where public transit is available.

For these causes[1] and because the claimant and her husband each attends courses at local colleges, the

---

[1] The claimant also has conscientious objection to assisting with abortions. The only instance of the imposition of this condition in this case was the offer by the employer of assignment to West

claimant has limited her hours of work to 7 a.m. to 3 p.m. on Sunday, Monday, Wednesday, Friday and Saturday, as the referee found. She is also available, as she testified, from 11 p.m. to 7 a.m. every day of the week; but the referee made no finding as to the hours just mentioned, probably because the employer had no work for the claimant on the 11 p.m. to 7 a.m. shift and because the referee mistakenly focused his attention entirely upon this employer's needs.

It is apparent that a registered nurse resident in the Pittsburgh area willing to do shift work in private homes accessible by public transit and who is available from 7 a.m. to 3 p.m. five days a week and from 11 p.m. to 7 a.m. every day of the week cannot be said as a matter of law to have effectively removed herself from the Pittsburgh labor market; yet the referee and board failed to inquire whether the local labor market had work for a person in the claimant's circumstances. We must therefore remand the record for further hearing at which that necessary factual inquiry might be made and a new decision rendered.

Order vacated; record remanded for further proceedings consistent with this opinion.

ORDER

AND NOW, this 28th day of August, 1986, the order of the Unemployment Compensation Board of Review is vacated; record remanded for further proceedings consistent with this opinion.

---

Penn Hospital which the claimant refused because she received no assurance that she would not be assigned to the "OB-GYN Unit, which engages in abortions."

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent. Despite Cillo's assertions of her availability for work, the record is replete with an overwhelming list of availability restrictions. These include difficulties in securing transportation, problems in arranging for babysitting, conflicts with the class schedules of both Cillo and her husband, as well as with her husband's work schedule, and the personal preferences of Cillo and her husband. While concerns with transportation, child-care problems and educational status may legitimately justify a limitation on availability for work, their cumulative effect is to remove Cillo from the labor force.

In *Roman v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980), we held that a claimant, whose problems with babysitting and her infant daughter's illness discouraged an employment opportunity, had in effect refused employment and was therefore ineligible for benefits. I do not consider Cillo's alleged availability, as constricted by her judgments of convenience and necessity,[1] to represent a legitimate attachment to the labor force.

---

[1] Testimony adduced at the hearing before the referee indicated that although Cillo was offered work on an 11 o'clock p.m. to 7 o'clock a.m. shift, she refused because of a personal objection to working at a hospital where abortions were performed. There was, however, no evidence that she would have been required to work in the hospital's obstetrics and gynecology unit.

Also, while Cillo alleges that she was available from 7 o'clock a.m. to 3 o'clock p.m. Sunday, Monday, Wednesday, Friday and Saturday, she later expressed a preference not to work Friday, Saturday and Sunday, consecutively.

The testimony also indicated various other reasons for her unavailability, such as a brother's-in-law symphony performance, her husband's preference that she not work from 3 o'clock p.m. to 11 o'clock p.m., and her refusal to accept a private case based on her own assessment that she was unqualified.

Consequently, it is my belief that a remand for a factual inquiry into the condition of the local labor market is unnecessary. Accordingly, I would affirm the order of the Board.