525 A.2d 852

Wilder & Miller, P.C., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Mark B. Greenblatt,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 13, 1987:

This is an appeal by Wilder & Miller, P.C. (employer) from a decision of the Unemployment Compensation Board of Review (board) affirming the order of a referee awarding benefits to Elizabeth J. Dornburg (claimant). For the reasons which follow, we affirm.

Claimant was employed by employer in excess of five years, attaining the position of head secretary. At a meeting held on June 25, 1984, claimant inquired as to the possibility of switching from full-time to part-time employment in order to spend more time with her retired husband. During a discussion with employer on June 28, 1984, claimant expressed an intention to ter-

minate her employment. After further discussion, claimant requested a leave of absence which was granted. Claimant's last day of employment was July 6, 1984, which was to be followed by a two-week, unpaid leave of absence and a one week paid vacation. She was to resume working on a part-time basis on July 30, 1984.

In the interim, on July 16, 1984, employer obtained information indicating that claimant was seeking other employment. By letter dated July 20, 1984, employer sent claimant her "final" pay check and told her that they were making employment plans which did not include claimant. Claimant contacted employer on July 24, 1984, confirming that she was seeking other employment and acknowledging that she would accept same if it was offered. By letter dated July 25, 1984, employer terminated claimant's employment, effective July 25, 1984.

Claimant filed an application for unemployment compensation with the Office of Employment Security (OES), which was denied. Although OES determined that claimant would not be ineligible for unemployment compensation under Section 402(e) of the Unemployment Compensation Law (Law),[1] it determined that she was ineligible for compensation under Section 401(d)(1) of the Law[2] because she was not available for suitable work, limiting herself to part-time work "following a history of full-time employment".

Although denied benefits, claimant did not appeal the OES decision. However, employer appealed the decision on the grounds that claimant's conduct did constitute willful misconduct in violation of Section 402(e) of the Law, and that OES erred by failing to make a find-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] 43 P.S. §801(d)(1).

ing as to whether claimant had cause of a necessitous and compelling nature to voluntarily terminate her full-time position.[3]

After a hearing, the referee issued a decision affirming the OES determination that claimant did not commit willful misconduct, and reversing OES on the issue of whether claimant was able and available for work, in accordance with Section 401(d)(1) of the Law, because claimant was ready, willing and able to accept substantial employment in spite of her self-imposed limitation of part-time work. Therefore, the referee ordered that unemployment compensation should be paid to claimant. Employer appealed to the Board, which affirmed. Employer then appealed to this Court raising the following issues for our consideration: (1) whether the referee erred in reversing the OES determination that claimant was not "able and available" for work within the meaning of Section 401(d)(1) because it was not raised by either party on appeal; (2) whether the referee erred in determining that claimant was "able and available" for work; (3) whether the referee erred in determining that claimant did not commit willful misconduct; (4) whether the referee erred in ruling on the question of whether claimant voluntarily terminated her full-time employment in violation of Section 402(b) of the Law; and (5) whether the referee erred in determining that claimant did not voluntarily terminate her full-time employment. We will consider each issue in order.[4]

---

[3] Pursuant to 34 Pa. Code §101.87, the referee would not allow the presentation of evidence on the issue of whether claimant had a necessitous and compelling reason for voluntarily terminating her employment in violation of Section 402(b) of the Law, 43 P.S. §802(b), without consent of both parties. Claimant refused to consent to a determination of this issue.

[4] In unemployment compensation cases our scope of review is limited to a determination of whether the findings of fact are sup-

## Consideration of Issues Ruled Upon By OES But Not Appealed

On appeal to this Court, employer asserts that the referee had no right to consider the issue of whether claimant was "available for suitable work", Section 401(d)(1) of the Law, because it was not raised by either party on appeal.

It is clear that on appeal from a determination of the OES, a referee is restricted to consideration of "the issues expressly ruled upon in the decision from which the appeal was filed." 37 Pa. Code §101.87. But, as long as OES expressly ruled upon the issue, and the issue is delineated in the OES determination notice, the referee may consider and rule upon it even though the employer did not, by its appeal, intend to reopen inquiry into this particular issue. *See Lenz v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 166, 432 A.2d 1149 (1981); *Hanover Concrete Co. v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 463, 402 A.2d 720 (1979). Therefore, the referee properly allowed inquiry into whether claimant was "available for work" within the meaning of Section 401(d)(1) of the Law.

## Availability For Work — Section 401(d)(1) of the Law

Employer next argues that even if we conclude that the referee could reach the issue of whether claimant was available for work, we should, nevertheless, reverse because claimant, by restricting her availability to Mondays, Tuesdays and Thursdays between the hours of 9:00 a.m. and 3:00 p.m., has so severely restricted her

---

ported by substantial evidence, constitutional rights were violated or errors of law committed. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

availability for employment as to be unavailable within the meaning of the statute.

First, there is no evidence in the record to support employer's assertion that claimant has restricted her availability in this manner. The referee found that claimant had limited her availability to "part-time" employment. This finding is supported by substantial evidence of record. The days and hours employer cites are merely the mutually beneficial schedule of employment negotiated between claimant and employer.[5]

Second, Section 401(d)(1) states: "Compensation shall be payable to any employe who is or becomes unemployed, and who — . . . (d)(1) Is able to work and available for suitable work. . . ." The purpose for the statutory requirement of "availability" is to establish that a claimant is realistically attached to the labor force. *Sorace v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 352, 437 A.2d 1316 (1981). A claimant is attached to the labor force as long as she is able to do some type of work and there is a

---

[5] AEW: We did some talking about how many hours she had to work to make the money she said she needed to make and we arranged a schedule.

QEL: So you attempted to build a schedule that would meet her needs in terms of hours and income, is that correct?

AEW: The best that we could.

QEL: And what kind of schedule did you come up with?

AEW: For her on her part, we came up with a Monday, Tuesday and Thursday scheduled from nine until three. It was six hours three days a week. . . .

NT pgs. 11-12. AEW is employer's office manager and QEL is employer's attorney.

This hardly sounds like an inflexible demand, as employer now contends. Rather, this was a give and take between an accommodating employer and a long-standing employee.

reasonable opportunity for securing such work in the vicinity of her residence. *Cillo v. Unemployment Compensation Board of Review,* 100 Pa. Commonwealth Ct. 157, 514 A.2d 287 (1986).

Claimant's limitation to part-time employment does not *per se* render her unavailable. *Urista v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981). "The fact that full-time employment is obtainable or that part-time work may be less readily found than full-time work is not determinative of the issue as long as some part-time jobs exist." *Sorace,* 63 Pa. Commonwealth Ct. at 356, 437 A.2d at 1318. That part-time jobs existed in claimant's local labor market cannot be disputed because claimant was to be employed part-time by employer. The record also indicates that employer employed two other part-time secretaries. Accordingly, the Board made no error in concluding that claimant was able and available for work within the meaning of Section 401(d)(1) of the Law.

WILLFUL MISCONDUCT — SECTION 402(E) OF THE LAW

Claimant requested a change from full-time to part-time employment. Claimant, at the same time, was circulating her resume in an effort to obtain part-time employment with another employer. Claimant did not inform employer that she was seeking employment elsewhere and would accept same if it was offered. Employer asserts that these actions constituted willful misconduct.

Employer acknowledges that the mere act of looking for other employment is not, in and of itself, willful misconduct. *York Tape and Label Corporation v. Unemployment Compensation Board of Review,* 62 Pa. Commonwealth Ct. 163, 435 A.2d 305 (1981). However, employer alleges that claimant knowingly misrepresented

her intentions by requesting a switch to part-time employment[6] while seeking employment elsewhere. Citing *Smith v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 394, 411 A.2d 280 (1980), employer asserts that these actions constitute willful misconduct.

In *Smith* we held that "a knowing falsehood or misrepresentation to the employer concerning the employee's work constitutes a willful disregard of the employer's interest, and a departure from the standards of behavior an employer can rightfully expect of an employee, and therefore is willful misconduct under the statute."[7] *Id.* at 396, 411 A.2d at 281

There is no evidence of record that claimant made a knowing falsehood or misrepresentation. In fact, when employer confronted claimant with its knowledge that she was seeking other employment, she admitted that she was and stated that she would accept suitable employment elsewhere if an offer was made. Her failure to disclose her search for other employment does not constitute a knowing falsehood or misrepresentation. Claimant merely chose to privately seek other employment, which she had an absolute right to do.

---

[6] Employer contends that claimant's shift to part-time caused employer much hardship, including the need to hire an additional part-time employee who would need training, and the rescheduling of other employees. Employer asserts that it would not have undertaken this chore had it known that claimant was planning to leave.

[7] Willful misconduct has been defined as:

An act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976).

*Walkowsky v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 486, 439 A.2d 856 (1981).

Further, claimant had no duty to inform her employer that she was seeking other employment. *Id.* As the case at bar demonstrates, she had every reason to make this inquiry as discreetly as possible. Employer has indicated that had claimant stated she was seeking other employment, her request to change to part-time employment would not have been granted. Therefore, we cannot, as a matter of law, conclude that claimant's action constituted willful misconduct.

VOLUNTARY QUIT — SECTION 402(B) OF THE LAW

Employer attempted to raise the issue that claimant's request to switch from full-time to part-time status constituted a voluntary termination of her full-time employment without cause of a necessitous and compelling nature in violation of Section 402(b) of the Law, 43 P.S. §802(b). The referee properly concluded that he could not consider this issue unless both parties agreed to have it determined by the referee. 34 Pa. Code §101.87. Claimant refused.

Employer contends that the referee decided this issue even though he prohibited the presentation of evidence and the cross-examination of claimant thereon by employer because in his findings of fact the referee stated "Claimant did not voluntarily terminate her employment and she intended to report to work as scheduled on July 30, 1984."

This is merely a finding of fact. The referee made no legal determination as to the Section 402(b) issue. Therefore, we are precluded from considering the fifth issue that employer raises (*i.e.* whether claimant's conduct *actually* constituted a voluntary termination of em-

ployment in violation of Section 402(b)) because it is not properly before this Court.

Accordingly, we affirm.

ORDER

AND NOW, May 13, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.