535 A.2d 742

Lois E. Simonds, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1987, to Judges MACPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.

*Bernard V. O'Hare,* for petitioner.

*Clifford F. Blaze,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE NARICK, January 12, 1988:

Lois E. Simonds (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) affirming a referee's decision denying benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e) (willful misconduct). We affirm.

Claimant was employed as a newspaper reporter by The Globe Times of Bethlehem, Pennsylvania (Employer) from 1974 until her last day of work on April 21, 1986. Claimant's job position with Employer was as the local county courthouse reporter. In April of 1986, Claimant submitted an article about a certain individual (E.M.) to her editor. The editor rejected Claimant's first two drafts of the article, reminded Claimant that the facts contained in the article must be correct, and stressed the importance of accuracy of the article to Claimant. A third draft of the article was subsequently submitted by Claimant to her editor and certain portions of the article were rewritten by the editor. The editor did not rewrite two paragraphs in the article which pertained to two felony convictions received by E.M. However, Claimant was advised by her editor to verify the convictions that she had reported in the article. On April 7, 1986, the article appeared in the newspaper. On April 12, 1986, the editor was told by E.M.'s attorney that E.M. was defamed by the article because he had not been convicted on the two felony charges, rather it was E.M.'s son who had received these convictions, E.M., Jr. On Saturday, April 12, 1986, the editor spoke by telephone with Claimant regarding the

errors contained in her article. At that time, Claimant informed her editor that she learned of the mistake on Friday, April 11, 1986. Claimant further advised her editor that the public records at the courthouse indicated the name to be E.M., not E.M., Jr.[1] Claimant was advised by her editor to photocopy the public record, write a correction, and to write a memo regarding the error. Claimant complied with her editor's request. On Monday, April 14, 1986, Claimant admitted to her editor that she learned of the mistake on Wednesday, April 9, 1986 and not on Friday, April 11, 1986. Claimant was subsequently discharged.

Based upon these facts, the Board concluded that Claimant was discharged for the error contained in her article, for not informing her editor of the error when she discovered it, and for misrepresenting to her editor that she learned of the error on April 11, 1986, when she had actually learned of the error on April 9, 1986. The Board further concluded that Claimant's reasons for not reporting the error when she learned of it were that she believed her Employer would be reluctant to publish any future stories regarding similar issues and because she had to fight to have her story regarding E.M. published. The Board rejected Claimant's argument and held that Claimant was ineligible for benefits because she did not have good cause for her actions.[2] This appeal followed.

The sole issue presented for our consideration on appeal is whether Claimant's conduct constituted willful misconduct rendering her ineligible for unemployment compensation benefits. Our scope of review in unem-

---

[1] The record reveals that the court docket entries did make reference to E.M., Jr.; however, the captions of both cases listed E.M. as a party to the cause of action.

[2] The referee also denied benefits to Claimant based upon similar reasoning.

ployment compensation cases is limited to determining whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Employer asserts that it discharged Claimant for the error she committed in reporting her story, failing to report her mistake promptly to her Employer and for misstating to her editor as to when she discovered the mistake. Employer emphasizes that the last two reasons were the main reasons for Claimant's discharge, and evidence of this appears in the record.

Essentially, Claimant does not contest the reasons for discharge or the facts as found by the Board. Rather, it is Claimant's contention that (1) the error in her article was a result of a mistake contained in the courthouse docket entries, (2) her failure to report the mistake promptly was not willful misconduct because her Employer had no set policy for informing it of mistakes, and (3) that her misstatement to her editor when she discovered the mistake was justifiable and reasonable under the circumstances.

> Willful misconduct has been defined as follows: Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of *wanton* or *wilful* disregard of the employer's interests, a *deliberate* violation of the employer's rules, a *disregard* of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest *culpability, wrongful intent,* or *evil design,* or show an *inten-*

*tional* and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. (Emphasis in original.)

*MacFarlane v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 550, 552, 317 A.2d 324, 325-26 (1974) accepting the definition approved in *Harmer Unemployment Compensation Case,* 206 Pa. Superior Ct. 270, 272, 213 A.2d 221, 223 (1965).

Thus, it is not necessary for an employer to find a specific violation of a work rule. Willful misconduct may be an intentional, substantial disregard of an employer's interests or a conscious indifference to a duty owed to an employer. *MacFarlane.* Also, a knowing falsehood or misrepresentation to an employer by an employee concerning an employee's work constitutes a willful disregard of an employer's interests and a departure from the standards of behavior that an employer can rightfully expect from an employee. *Smith v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 394, 411 A.2d 280 (1980); *Zelonis v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 516, 395 A.2d 712 (1979); *Dunlap v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 474, 366 A.2d 618 (1976); *Miokovic Unemployment Compensation Case,* 195 Pa. Superior Ct. 203, 171 A.2d 799 (1961).

In the case at bar, Claimant was well aware of the importance of accuracy of her story. Yet when she discovered the mistake contained in her article, she failed to inform her Employer and, in fact, when confronted by her Employer, lied as to when she actually discovered this error. Nevertheless, Claimant asserts she had good cause for her actions because she had to fight for the story and was fearful that Employer would not want to publish public interest stories in the future. We cannot conclude that this constitutes good cause for her ac-

tions. Accordingly, we conclude that Claimant's conduct under the circumstances herein indicated a conscious disregard of Employer's interests and renders her ineligible for unemployment compensation benefits.

Therefore, for the reasons set forth herein, we will affirm the order of the Unemployment Compensation Board of Review denying benefits to Claimant.

### ORDER

AND NOW, this 12th day of January, 1988, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

Judge PALLADINO did not participate in the decision in this case.