# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murphy Marine Services, Inc.,     :
           Petitioner     :
                  :
        v.           :     No. 1291 C.D. 2016
                  :     Submitted: January 20, 2017
Unemployment Compensation     :
Board of Review,              :
           Respondent     :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: May 18, 2017**

Murphy Marine Services Inc. (Employer) petitions for review of an Order of the Unemployment Compensation (UC) Board of Review (Board), which, on remand from this Court, found Byron A. Jones (Claimant) not ineligible for benefits under Section 402(a) of the UC Law (Law).[1] In its Petition for Review, Employer argues that the Board erred in applying Section 402(a) of the Law and instead should have utilized Section 402(b), 43 P.S. § 802(b), and/or Section 401(d)(1), 43 P.S. § 801(d)(1), which would have resulted in a finding of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(a).

ineligibility.[2]  After review, discerning no errors of law, abuse of discretion, or procedural infirmities, we affirm.

Claimant is a registered casual worker belonging to Local 1291 of the Longshoremen's International Association based in Philadelphia.  (Board Decision, June 29, 2016 (June Board Decision), Findings of Fact (FOF) ¶ 4.)  He reopened a claim for emergency unemployment compensation (EUC) benefits in late April 2013.  (Id. ¶ 1.)  After working only some days during the week ending May 18, 2013, Claimant filed a claim for benefits.[3]  (Id. ¶ 2.)  The local UC Service Center found Claimant not ineligible for benefits under Section 402(a) of the Law.[4]  (Notice of Determination, R. Item 4.)  Employer appealed on July 22, 2013, asserting as it does in this appeal, that eligibility was determined under the wrong provision of the Law.  (Petition for Appeal, R. Item 5.)  A hearing was held before a UC Referee (Referee) on August 26, 2013, at which only a witness for Employer and Employer's counsel appeared.[5]  Following the hearing, the Referee affirmed the Service Center's determination that Claimant was not ineligible for benefits pursuant to Section 402(a).  (Referee Decision, R. Item 9.)  Specifically,

---

[2] Although Employer raises the issue of whether Section 402(a) or Section 402(b) properly applies in its Petition for Review, Employer devotes its brief to the issue of whether Claimant is ineligible for benefits under Section 401(d)(1).  Because Employer briefly discusses the applicability of Section 402(b) in one paragraph of the brief, see Employer's Br. at 11-12, we find the matter was properly raised and will address it along with Employer's argument concerning Section 401(d)(1).

[3] Another week previously was challenged but is not at issue in this appeal.

[4] The Service Center found Claimant had refused work but because Employer did not comply with Section 402(a) of the Law by notifying the Office of UC Benefits of a job offer in writing within seven days, Claimant was deemed eligible.  (Notice of Determination, R. Item 4.)  Whether Employer satisfied the notice requirements is not an issue before this Court.

[5] Claimant was notified of the hearing, and the hearing notice was not returned as undeliverable.  (R.R. at 51a.)

2

the Referee found Claimant "was not guaranteed any offers of work but [was] merely offered the possibility of employment." (Id.) Employer filed a timely appeal to the Board, once again asserting the case was decided under the wrong section of the Law. (Petition for Appeal, R. Item 10.) By Decision and Order dated November 14, 2013, the Board affirmed, adopting and incorporating the Referee's findings and conclusions. (Board Decision and Order, Nov. 14, 2013, R. Item 11.)

Thereafter, Employer filed a Petition for Review with this Court, asserting the Board erred in not finding Claimant ineligible under Sections 401(d)(1) and 402(b) of the Law. Because Employer's argument centered on the terms of contractual agreements between members of the Ports of the Delaware River Marine Trade Association (PMTA), to which Employer is a member, and various locals, including Claimant's, (PMTA Agreements), which were not part of the record, we remanded that matter to the Board to determine which section of the Law applied in light of the PMTA Agreements and whether Claimant was ineligible under that section. Murphy Marine Servs., Inc. v. Unemployment Comp. Bd. of Review (Pa. Cmwlth., No. 2232 C.D. 2013, filed Aug. 4, 2014), slip op. at 6-9.

On remand, the Board requested a referee take additional evidence, and a remand hearing was held on September 12, 2014. At the hearing, excerpts of the PMTA Agreements were entered into evidence[6] and Employer again offered the testimony of its witness.

---

[6] Our review is limited by having only excerpts of the PMTA Agreements in the record. We would ordinarily remand the matter in such cases, but here, it was Employer's Counsel who introduced the excerpts in lieu of the full PMTA Agreements, which counsel stated exceed 1,100 pages, "the vast majority of [which were] not [] relevant." (R.R. at 166a.) Because Employer
**(Footnote continued on next page…)**

3

The Board subsequently issued a new Decision and Order on June 29, 2016, which made the following relevant findings of fact:

4.      The [C]laimant is a registered casual worker who belongs to Local 1291 of the Longshoremen's International Association based in Philadelphia.

5.      Local 1291 along with two other longshoremen locals have an agreement with five companies that together comprise the [PMTA].

6.      The [E]employer in this proceeding is located in Wilmington, Delaware, and is able to hire Philadelphia-based longshoremen through a reciprocal agreement with the PMTA and the Philadelphia locals.

7.      The PMTA agreement with the various longshoremen's locals governs the procedures for the companies to offer longshoremen work on a day-to-day basis.

8.      The [C]laimant had a history of working intermittently for several of these companies.

9.      The [C]laimant during April/May 2013 worked a total of 47 hours for the [E]employer.

10.      The union members typically work an assignment until it is completed, and then are unemployed until they pick up a new assignment, often from a different company in the PMTA.

11.      Local members can telephone each morning to obtain a list of the work orders for the day prior to reporting to the hiring hall.

12.      As a member of Local 1291, the [C]laimant is expected to report to the Philadelphia hiring center before he reports any place else.

―――――――――――――――――

(continued…)

provided the excerpts that it deems relevant, we do not perceive any prejudice in proceeding with our review.

4

13. The [C]laimant is permitted, but not required, to attempt to secure work in Delaware if work is not available in Philadelphia.

14. Hiring is usually completed in Philadelphia by 7:15 a.m., and in Wilmington by 7:30 a.m., although sometimes it can continue until 8:00 a.m. in Wilmington.

15. The Wilmington hiring facility is approximately 30 miles from the Philadelphia hiring facility.

16. When workers are hired at the Wilmington union hall, the contract requires that they be hired by seniority and in the following order: first, basic unit members of the three Wilmington locals; second, basic unit members of Philadelphia locals; third, secondary workforce members of the three Wilmington locals; fourth, Philadelphia-area secondary workforce members; fifth, Wilmington registered casuals; sixth, Philadelphia registered casuals; and seventh, unregistered casuals and new hires.

17. The [C]laimant obtained work through the Wilmington hiring facility on May 13 and 14, 2013.

18. On May 15, 2013, seven positions were filled at the Wilmington facility.

19. On May 15, 2013, the [C]laimant did not appear at the Wilmington hiring facility to seek work.

20. The [C]laimant would have had only the "possibility" of obtaining work at Wilmington on May 15, 201[3].

(FOF ¶¶ 4-20.)

Based on the above, the Board concluded Section 402(a) of the Law, not Section 402(b), was the proper provision because it found that Claimant was considered unemployed on May 15, 2013. (June Board Decision at 4.) The Board further concluded that because Claimant only had the "possibility" of obtaining

5

one of the seven positions and because he was sixth in terms of preference of hiring,[7] it could not conclude that Claimant failed to accept an offer of suitable work. (Id.) The Board also stated that although Claimant did not appear at the hearings to testify, because Claimant registered for UC benefits, there was a presumption that he was able and available for work, which was not rebutted by Employer, and therefore, he was not ineligible under Section 401(d)(1) of the Law either. (Id. at 4-5.) Employer now petitions for review of this Board Order.[8]

First, Employer claims in its Petition for Review that the Board applied the wrong provision of the Law. The Board found that, generally, union members work an assignment until it is completed and then are considered unemployed until they pick up a new assignment with one of the PMTA companies, making Section 402(a) of the Law the appropriate standard. (FOF ¶ 11; June Board Decision at 4.)

Section 402(a), provides, in relevant part, that

> [a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to failure, without good cause, . . . to accept suitable work when offered to him . . . by any employer . . . ; however this subsection shall not cause a disqualification of . . . benefits under the following circumstances: when work is offered by his employer and he is not required to accept the offer pursuant to the terms of the labor-management contract or agreement . . . .

43 P.S. § 802(a). Section 402(b), which Employer claims applies, states, in pertinent part, that "[a]n employe shall be ineligible for compensation for any week

---

[7] The Board's discussion section incorrectly states that Philadelphia-registered casual workers were seventh in terms of hiring preference, not sixth, as stated in the Board's findings of fact. This error was harmless to the Board's disposition.

[8] This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Johns v. Unemployment Comp. Bd. of Review, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

6

. . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b). This Court previously determined that Section 402(a) of the Law applies to "claimants who, *while unemployed*, refuse to accept an offer of suitable work," whereas "[c]laimants who, *while employed*, refuse to accept an offer of *continued* employment are deemed to have quit their position, and are thus subject to Section 402(b) of the [Law]." Hosp. Serv. Ass'n of Ne. Pa. v. Unemployment Comp. Bd. of Review, 476 A.2d 516, 518 (Pa. Cmwlth. 1984) (emphasis in original).

The evidence establishes, as the Board found, that "[C]laimant is employed by any one employer for the duration of his assignment, and then has a break in service before accepting his next assignment" with one of the PMTA companies. (June Board Decision at 3.) At the remand hearing, Employer's witness testified that Claimant was *not* required to accept work from only members of PMTA, which is evidence that there was no ongoing employment relationship. (R.R. at 166a.) She also explained that there are a "large number of people who work a day or two a month or maybe a day or two a year." (Id. at 55a.) Furthermore, in its appeal letter, Employer itself stated that work was on a "day-to-day" basis. (Id. at 120a.) The PMTA Agreements are rife with discussion concerning *hiring* practices. (See, e.g., id. at 59a (discussing automated hiring system), 61a-62a (discussing hiring times), 66a (discussing guaranteed hours when "rehired"), 91a-92a (discussing "re-employment" under the hiring system).) In addition, the PMTA Agreements recognize the "casual employment nature of this industry." (Id. at 81a.) None of this reflects an ongoing employment relationship. Therefore, Section 402(a) is the appropriate legal standard by which Claimant's eligibility for benefits should be determined.

Having found that the Board did not err in applying Section 402(a), we must now determine whether Claimant would have been ineligible under this provision. As stated above, a claimant is ineligible for benefits if his unemployment is "due to failure, without good cause, . . . to accept suitable work" offered to him. 43 P.S. § 802(a). "Our court has interpreted [Section] 402(a) to require that claimants demonstrate good faith through conduct consistent with a genuine desire to work and be self-supporting." Markby v. Unemployment Comp. Bd. of Review, 564 A.2d 1340, 1341 (Pa. Cmwlth. 1989). Thus, Claimant will be ineligible for benefits under Section 402(a) if: (1) an offer of suitable work was made; and (2), the claimant did not have good cause for refusing the work.

By Employer's own admission, no offer of employment existed. Although Employer's witness initially testified Claimant was offered employment on May 15, 2013, (R.R. at 52a), when questioned further about the nature of the "offer," she acknowledged that it was an "offer for the *possibility* of employment not a *guarantee[d]* offer of employment." (Id. at 55a. (emphasis added).) There are approximately 800 to 1,500 longshoremen, and 7 positions were open that day. (Id. at 53a.) Because some of those positions required certification to operate equipment, which Claimant did not have, Employer's witness testified that it was possible Claimant would not have been selected. (Id. at 54a.) Employer's witness admitted that not all longshoremen are guaranteed a position; rather, it is dependent upon Employer's need. (Id.) Based upon this evidence, we cannot conclude the Board erred in concluding that Claimant did not fail to accept an offer of suitable employment.[9]

---

[9] Because there was no offer of suitable work, it is not necessary to address whether Claimant had good cause to refuse same.

Employer also argues that Claimant was not able and available for work under Section 401(d)(1) of the Law because he did not report to the Wilmington hiring hall on May 15, 2013 to register for work. Section 401(d)(1) provides, in relevant part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work." 43 P.S. § 801(d)(1). "A claimant is attached to the labor force as long as []he is able to do some type of work and there is a reasonable opportunity for securing such work in the vicinity of [his] residence." Wilder & Miller, P.C. v. Unemployment Comp. Bd. of Review, 525 A.2d 852, 856 (Pa. Cmwlth. 1987) (citing Cillo v. Unemployment Comp. Bd. of Review, 514 A.2d 287 (Pa. Cmwlth. 1986)). Here, the Board relied upon the presumption that Claimant was able and available for work based upon his filing for UC benefits. Because Employer's witness did not know whether Claimant did or did not initially report to the Philadelphia hiring hall that morning, the Board concluded Employer did not successfully rebut that presumption.

We agree that a claimant who registers for UC benefits is presumed to be able and available for work. Pifer v. Unemployment Comp. Bd. of Review, 639 A.2d 1293, 1295 (Pa. Cmwlth. 1994). "Once Claimant established a prima facie case of availability for work, the burden shifted to Employer to present evidence that the [C]laimant was unable and unavailable for work." Id. Here, Employer's witness testified she was not sure if Claimant registered for work in Philadelphia on May 15, 2013. (R.R. at 167a.) A witness's lack of knowledge cannot serve as competent evidence to rebut a presumption. Employer's witness also testified Claimant did not report to Wilmington, but importantly, Claimant was not required to register for work in Wilmington. (Id. at 166a.) Therefore, this cannot be used to

9

disqualify Claimant either. Because there was no evidence to rebut the presumption that Claimant was able and available to work, the Board did not err in concluding that Section 401(d)(1) did not disqualify Claimant.

Based upon the foregoing, we conclude that the Board's determination that Claimant was unemployed on May 15, 2013, is supported by substantial evidence and, as a result, the Board did not err in applying Section 402(a) instead of Section 402(b) of the Law. We also conclude that the Board did not err or abuse its discretion in determining that Claimant was not ineligible for benefits under either Section 402(a) or Section 402(d)(1) of the Law. Accordingly, we affirm the Board's Order.

_____
**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murphy Marine Services, Inc.,       :
                Petitioner    :
                                :
            v.              :     No. 1291 C.D. 2016
                                :
Unemployment Compensation    :
Board of Review,               :
               Respondent   :

# **O R D E R**

NOW, May 18, 2017, the Order of the Unemployment Compensation Board of Review, entered in the above-captioned matter, is hereby **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge