579 A.2d 1017

**Renee GROOVER, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 20, 1990.

Decided Sept. 7, 1990.

618

Gerald Sullivan, Northwestern Legal Services, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

John E. Lyncheski, with him, Jeffrey P. Bauman, Cohen & Grigsby, Pittsburgh, for intervenor, United Cerebral Palsy of Crawford, Venango and Clarion Counties, Inc.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Renee Groover (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision to deny her claim for benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

Claimant is employed by United Cerebral Palsy of Crawford, Venango and Clarion Counties, Inc. (employer). Claimant was suspended from her employment for 45 days for withholding information from her employer. Claimant filed a claim with the Office of Employment Security (OES) for unemployment benefits for the period of the suspension. OES denied the claim. Claimant appealed. After conducting a hearing, the referee made the following pertinent findings of fact:

2. On December 14, 1988, [claimant's] fellow employee made an obscene telephone call to the employer's office from the claimant's apartment.

3. Claimant was present when the call was made and was aware it was an obscene telephone call.

4. The employer accused an innocent person of making that obscene telephone call and unjustly discharged him in December of 1988.

5. Although the claimant was aware that an innocent employee had been unjustly discharged as a result of the obscene telephone call made from her apartment, she did not come forward to provide the employer with the information which could have cleared that innocent person.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e).

6. On November 9, 1989, another employee who was present at the claimant's apartment when the obscene telephone call was made identified the actual person who made the call to the employer.

7. The claimant was contacted and subsequently admitted that she had withheld information from the employer which could have prevented the unjust discharge of an innocent co-worker.

8. The claimant was suspended from November 14, 1989 to December 30, 1989 for withholding that information from the employer.

Thereafter, the referee concluded that the withholding of the information constituted a disregard of the standards of behavior the employer had a right to expect of claimant. Accordingly, the referee denied benefits based on willful misconduct. Claimant appealed to the Board which accepted the referee's findings and affirmed the denial of benefits for willful misconduct.

On appeal to this court,[2] claimant raises two issues: (1) whether claimant committed willful misconduct; and (2) whether the Board incorrectly applied section 402(e) instead of section 3 of the Law.[3]

As to the first issue, "willful misconduct" has been defined as "a wanton and willful disregard of an employer's interests, a deliberate violation of an employer's rules, a disregard of the standards of behavior which an employer can rightfully expect of an employee, or negligence manifesting culpability, wrongful intent, evil design or intentional and substantial disregard of an employer's interests or an employee's duties and obligations." *Giglio v. Unemployment Compensation Board of Review*, 126 Pa.Common-

2. Our scope of review is limited to a determination of whether findings of fact are supported by substantial evidence, an error of law was committed or constitutional rights have been violated. *Phoebus v. Unemployment Compensation Board of Review*, 132 Pa.Commonwealth Ct. 518, 573 A.2d 649 (1990).

3. 43 P.S. § 752. The second issue in essence is whether claimant's conduct was work related in which case section 402(e) is applicable or non-work related in which case section 3 is applicable.

wealth Ct. 471, 474–475, 560 A.2d 271, 272 (1989). A disregard of rightfully expected standards of behavior has been described as including a knowing falsehood or misrepresentation to an employer by an employee concerning an employee's work. *Simonds v. Unemployment Compensation Board of Review,* 112 Pa.Commonwealth Ct. 465, 535 A.2d 742 (1988). Whether claimant's conduct constitutes willful misconduct is a question of law and as such is subject to our review. *Giglio.*

Claimant asserts that she was suspended for an act of omission and not for an act of misrepresentation. Claimant further states that she neither made nor encouraged the making of the obscene telephone call. Consequently, she argues that her conduct did not constitute willful misconduct.

The Board asserts that common sense and reason indicate that an employee has a duty to inform her employer that it wrongfully fired an innocent co-worker for an act which she knows from firsthand knowledge that the accused co-worker did not commit. The Board argues that by withholding information claimant breached this duty and that this breach constitutes willful misconduct.

Claimant's failure to report her co-worker's questionable acts to her employer was reprehensible and caused regrettable consequences. However, where it is alleged that an employee's actions breached a duty, this court's role is not to decide what the employee should have done, but rather what she was obligated by a duty to her employer to do. We have found no law, nor has any been supplied by counsel, to support the contention that an employee's knowledge of a co-worker's questionable acts creates a duty to report those acts to her employer. To impose such a duty, would require an employee with knowledge of a co-worker's questionable acts to either report the co-worker and alienate those whose acts did not constitute misconduct or to remain silent and risk suspension or discharge at the hands of an employer in whose judgment the acts did constitute misconduct. We conclude that the imposition of

such a duty is neither required by existing law nor consistent with sound judgment. Consequently, we hold that there is no such duty.

■ Although we conclude that claimant has not breached a duty owed to employer, we must still decide if her conduct constituted a disregard of the standards of behavior which an employer can rightfully expect from an employee. This court has concluded that an employee's dishonesty constitutes a disregard of expected standards of behavior only where the employee's actions are affirmatively deceptive. *See Zelonis v. Unemployment Compensation Board of Review*, 39 Pa.Commonwealth Ct. 516, 395 A.2d 712 (1979) (employee lied to a supervisor as to the nature and source of a telephone call he received while on duty); *Scott v. Unemployment Compensation Board of Review*, 82 Pa.Commonwealth Ct. 113, 474 A.2d 426 (1984) (employee misrepresented in employment application that he possessed a college degree); *Green v. Unemployment Compensation Board of Review*, 87 Pa.Commonwealth Ct. 176, 486 A.2d 1052 (1985) (employee made false statements to obtain public assistance benefits and admitted to defrauding her employer); and *Simonds* (employee failed to promptly correct a mistake in her work product and misstated when she discovered the mistake to her supervisor).

In the present case, it is not disputed that claimant neither participated in, nor encouraged, the obscene telephone call. There is also no suggestion in the record nor by the parties that claimant ever lied to conceal her co-worker's misconduct. Clearly, claimant has not affirmatively acted to deceive employer. We conclude that her failure to disclose information regarding a co-worker's misconduct does not constitute a disregard of expected standards of behavior, as a result, no willful misconduct has been established.[4]

Accordingly, we reverse.

4. Because we conclude that claimant's conduct did not constitute willful misconduct, we need not consider the second issue of whether her conduct was work related.

## ORDER

AND NOW, September 7, 1990, the order of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.

BYER, Judge, concurring.

I join the majority opinion. Because the facts of this case are disturbing, I write separately to explain my reasons for joining the majority in reversing the Unemployment Compensation Board of Review.

Ms. Groover's conduct offends my personal sense of ethics; however, that is not the issue. Instead, the narrow issue is whether Ms. Groover's conduct in not coming forward to inform her employer of the real culprit after the employer accused the wrong person constitutes "a disregard of the standards of behavior which an employer can rightfully expect of an employee...." *Giglio v. Unemployment Compensation Board of Review,* 126 Pa.Commonwealth Ct. 471, 474, 560 A.2d 271, 272 (1989). This is a question of law.

Ms. Groover was not employed in a management or supervisory position. Instead, she was a residential program worker, earning $5.21 per hour. As such, she owed no special duty to her employer, but only the ordinary duties of an employee.

As tempting as it might be under these facts, I am not prepared to hold that an ordinary employee has a duty to "squeal" on a fellow employee, even where the employer has accused the wrong person of serious misconduct, at least in the absence of an express work rule which imposes such a duty. In our society, we generally do not impose duties to speak on our citizens. For example, a citizen has no legal duty to report a crime. Likewise, a citizen has no legal duty to come forward and "finger" a criminal even where the police have arrested an innocent person.

I do not think an employer has the right to expect more of an ordinary employee. To hold otherwise, I fear, would create a workplace environment where employees constant-

ly must be either looking over their shoulders at their fellow workers, or running to management at the least hint of improper conduct by a fellow worker. I would find such a situation as intolerable as I find Ms. Groover's conduct offensive.

My position might be different if the employee's disclosing information about a fellow worker would prevent serious injury to the employer. For example, an employee might have a duty to inform the employer if the employee knows a fellow worker is about to commit an act of sabotage or has contaminated a product. By contrast, this case involves only an employee's failure to speak concerning a juvenile prank, committed off employer's premises, which would not result in serious harm to employer.

Faced with the choice of granting Ms. Groover unemployment compensation benefits notwithstanding my distaste for her remaining silent after her employer accused an innocent employee or imposing "Big Brother" in the workplace as a matter of law, I opt for the former.[1]

1. This does not imply that employer acted improperly by firing Ms. Groover. I believe that employer was well within its rights to terminate her employment. Again, the narrow issue is whether she engaged in such conduct which, as a matter of law, disqualifies her from obtaining unemployment compensation benefits.