**Norma J. SCHROEDER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 27, 2004.

Decided April 8, 2004.

William C. Haynes, Lancaster, for petitioner.

Christine S. Stickler, Middletown, for intervenor, Tyco Electronics Corporation.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Norma J. Schroeder (Claimant) petitions for review of an October 24, 2003 order of the Unemployment Compensation Board of Review (Board) that reversed the referee's determination that Claimant was eligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), relating to willful misconduct.[1] We affirm.

Claimant was last employed as a cable assembler for Tyco Electronics (Employer) from April 6, 2000 through May 19, 2003. She had an ongoing conflict with another coworker and although she attempted to have Employer resolve the situation, Employer informed her that it could not since the conduct occurred off Employer's premises. Nevertheless, on May 14, 2003, Employer spoke to Claimant and her coworker, individually, in an attempt to resolve the dispute. When Claimant was called into the meeting, she hid a tape recorder in her shirt pocket and recorded the meeting without Employer's knowledge or consent.

Shortly thereafter, Employer learned that Claimant had recorded the May 14, 2003 meeting. Consequently, Employer requested a second meeting with Claimant, where she admitted to recording the prior meeting. Employer then terminated Claimant on the ground that she had engaged in inappropriate behavior by recording the meeting without Employer's knowledge or consent.

Claimant applied for unemployment compensation benefits, which were granted by the Lancaster Service Center and affirmed by the referee. The referee concluded that although Employer's witnesses testified that Employer had a rule that Claimant violated by surreptitiously recording the meeting, the rule was so vague as to be nonexistent. Without a written rule in the employee handbook, the referee determined that Claimant did not knowingly and deliberately violate Employer's rule or do anything that would harm Employer's interest.

On appeal, the Board reversed. Acknowledging that Employer did not have a specific work rule prohibiting the recording of meetings between Employer and employees, the Board nevertheless concluded that Employer had a reasonable expectation of privacy that the issues raised in the meeting would remain confidential. It further stated that Claimant did not advance good cause or justification for her action and that her conduct in recording the meeting was intentional. Therefore, the Board concluded that Claimant disregarded the standards of behavior of which Employer had the right to expect of her.

■ Willful misconduct has been defined as

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which provides that "[a]n employe shall be ineligible for compensation for any week—[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work...."

interest or of the employe's duties and obligations to the employer.

*Temple Univ. of the Commonwealth Sys. of Higher Educ. v. Unemployment Compensation Board of Review*, 565 Pa. 178, 182, 772 A.2d 416, 418 (2001) (quoting *Rossi v. Unemployment Compensation Board of Review*, 544 Pa. 261, 267, 676 A.2d 194, 197 (1996)). An employer bears the burden of proving that an employee has engaged in willful misconduct and, once met, the burden shifts to the employee to demonstrate good cause for her actions. *Kelly v. Unemployment Compensation Board of Review*, 747 A.2d 436 (Pa.Cmwlth.2000). Furthermore, whether an employee's actions rise to the level of willful misconduct is a question of law fully reviewable by this Court. *Temple Univ.*

■ Claimant maintains that the referee found that Employer did not have a clear work rule which she violated. She further contends that the Board's order is unsupported by the record where the Board determined that Employer had an expectation of privacy which she violated when she recorded the May 14, 2003 meeting.

Our research has uncovered only one other unemployment matter where the claimant surreptitiously recorded a meeting with his employer. In *Gunderman v. Unemployment Compensation Board of Review*, 95 Pa.Cmwlth. 479, 505 A.2d 1112 (1986), the claimant received a three-day suspension for failing to call off work as required by the employer's rule. The claimant filed for unemployment compensation benefits, and while at the referee hearing, the claimant recorded the hearing without the knowledge or consent of either the referee or the employer. He later played the tape during break times at work.

The Board reversed the referee's order granting benefits on the grounds that (1) surreptitiously recording the referee's hearing and playing it for his coworkers constituted a third offense under the employer's regulations, (2) the conduct amounted to willful misconduct because it was done to instigate a disturbance and was, therefore, grounds for termination under a general clause in the employer's regulations and (3), the conduct violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act (Act), 18 Pa.C.S. §§ 5701–5727.[2]

In *Gunderman*, we reversed the Board's order on appeal. We concluded that the since the playing of the recording occurred during break periods, it was not adverse to any of the employer's legitimate interests and there was no showing that the disturbance affected production. We further rejected the Board's conclusion that the claimant's actions were in violation of the Act inasmuch as the testimony at a referee hearing is recorded as a matter of course and thus, no legitimate expectation of privacy existed.

In the case *sub judice*, the Board found that Employer had a rule that it could terminate an employee for violating a work rule or for failing to meet Employer's job performance standards. (F.F. 8; Employer's Exhibit 1) Claimant acknowledged receipt of Employer's handbook, as evidenced by Employer's Exhibit 2, which put her on notice of Employer's policies.

Claimant understood that the May 14, 2003 meeting was to be confidential. Employer's witnesses testified that meeting took place in the conference room, away

---

**2.** The Act generally provides that it is illegal to intentionally intercept any wire, electronic or oral communication. 18 Pa.C.S. § 5703. The term "intercept" is defined as "[a]ural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S. § 5702.

from other employees and behind closed doors. (N.T. 6) The second meeting, where Claimant was terminated, was also a closed meeting between Claimant, Employer's Human Resource Advisor, and the two managerial employees. (N.T. 7) As testified to by the Human Resource Advisor, Employer decided that termination was necessary because Claimant "broke the employee/employer trust. [She was] using a recording as witnesses in this proceeding, and in honest behavior [she] would not have recorded without asking first permission to record." (N.T. 12)

Claimant admitted that she recorded the meeting without permission, but claims that she did so because she did not trust Employer. (N.T. 18, 20, 23, 24, 27, 28) She further testified that she had signed a confidentiality statement during the tenure of her employment. (N.T. 28) Claimant stated that she felt that Employer was not being honest with her because she was told not to speak with anyone regarding the conversation that took place. (*Id.*)

Based upon the foregoing, it is evident that Employer did have an expectation of privacy during the May 14, 2003 meeting, of which Claimant was aware and which she violated. We therefore cannot conclude that the Board erred in determining that Claimant's action of surreptitiously recording the May 14, 2003 meeting was a disregard of the standards of behavior which the employer has a right to expect of an employee.

Accordingly, we affirm.

### ORDER

AND NOW, this 8th day of April, 2004, the October 24, 2003 order of the Unemployment Compensation Board of Review is AFFIRMED.