Michael A. DeRIGGI, Petitioner

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 2004.

Decided July 29, 2004.

David A. Presser, Pittsburgh, for petitioner.

Margaret M. Hock, Pittsburgh, for respondent.

Before: PELLEGRINI, Judge, COHN, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Michael A. DeRiggi (Claimant) petitions for review of a decision of the Unemployment Compensation Board of Review (Board) which, pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law),[1] reversed the decision of an Unemployment Compensation Referee (Referee) granting Claimant benefits. We affirm for the reasons set forth below.

Claimant was terminated from his employment with Forbes Regional Hospital (Employer) on June 13, 2003. Claimant applied for and was granted unemployment compensation benefits by the Indiana UC Service Center. Employer appealed to a Referee, which affirmed the decision of the UC Service Center. Employer appealed to the Board, which made the following relevant findings of fact:

1. The claimant was last employed, as a senior mechanic by Forbes Regional Hospital for 35 years ... and his last day of work was June 13, 2003.

2. The employer has a Code of Ethics, which provides for disciplinary action for certain types of conduct including "failure to report a violation of the standards, policies, procedures, laws and regulations, or to cooperate in an investigation."

3. Discipline imposed under the terms of the Code of Ethics can be at varying levels at the discretion of the employer.

4. The claimant was in receipt of an aware of the employer's Code of Ethics Policies.

5. The employer also has work rules and regulations, violations of which result in disciplinary action.

6. The claimant was in receipt and aware of employer's rules of conduct.

7. In early June 2003, the Human Resource Department became aware of concerns being raised by employees in the Maintenance/Engineering Department. The concerns included allegations of inappropriate conduct, theft of property and theft of time by certain individuals in the department.

8. The Human Resources Department contacted the Internal Audits Division and over the course of approximately 1½ weeks conducted an investigation into the complaints. The investigation included interviews with several employees in the department including claimant.

9. On June 13, 2003, the claimant was interviewed by the Human Resources Director and Internal Audits. During the interview the claimant admitted to the employer that he knew of a co-worker who had taken curtain tracks the previous fall.

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) provides in, in relevant part, that:

An employee shall be ineligible for compensation for any week—

(e) in which *his unemployment is due to discharge or temporary suspension from work for willful misconduct connected with his work....*

10. The claimant informed the employer that at the time the incident occurred he had informed his supervisor that he had given permission for the employee to take the property.

11. The claimant also told the employer that he had not given the employee permission but had only learned about the matter after the fact. The claimant stated that he told the supervisor he had given permission to protect the co-worker.

. . .

13. The claimant also denied any knowledge of any other inappropriate behavior or policy violations occurring within his department.

14. On June 16, 2003, the claimant was notified by his employer that he was being dismissed from his position for violation of the Code of Ethics, specifically lying to management in order to cover up theft of hospital property.

(Board's 12/18/2003 Decision and Order, pp. 1–2). Based on these facts, the Board concluded that "[t]he bottom line is that the claimant lied to his supervisor regarding stolen hospital property, which the employer credibly established. The Pennsylvania Courts have held that where an employee deliberately lies or misleads his employer as to matters, which directly affect the employee's work, such actions may constitute willful misconduct. Here, the claimant adversely affected his employer's interest by initially indicating to his supervisor that he gave the employee permission to take the curtain tracks, rather than to immediately report to his supervisor or employer that the employee "stole" the curtain tracks, as the claimant testified the employee did." Accordingly, the Board concluded that Claimant was ineligible for benefits under Section 402(e). Claimant's appeal to this Court followed.

Our scope of review in unemployment compensation cases is limited to determining whether constitutional rights were violated, whether errors of law were committed or whether findings of fact are supported by substantial evidence. *Sheets v. Unemployment Compensation Board of Review*, 708 A.2d 884 (Pa.Cmwlth.1998). "In unemployment compensation proceedings, the Board is the ultimate factfinder and is empowered to resolve conflicts in the evidence and to determine the credibility of witnesses. Findings made by the Board are conclusive and binding on appeal if the record, when examined as a whole, contains substantial evidence to support those findings." *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa.Cmwlth.2001).

On appeal, Claimant argues that the Board erred in its application of the law regarding willful misconduct because it failed to recognize that an employee does not commit willful misconduct when he chooses not to report the inappropriate conduct of a co-worker.

"Willful misconduct has been defined as the '(a) wanton and willful disregard for an employer's interests, (b) deliberate violation of an employer's rules, (c) disregard for standards of behavior which an employer can rightfully expect of an employee, or (d) negligence indicating an intentional disregard of the employer's interests or an employee's duties and obligations.' *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 550 Pa. 115, 123, 703 A.2d 452, 456 (1997)." *Graham v. Unemployment Compensation Bd. of Review*, 840 A.2d 1054, 1056 –1057 (Pa.Cmwlth.2004). The employer has the burden of proving that an employee has engaged in willful misconduct. Whether or not an employee's actions rise to the level of "willful misconduct" is a question of law that is fully reviewable by this

Court. *Schroeder v. Unemployment Compensation Board of Review*, 846 A.2d 790 (Pa.Cmwlth.2004). "A disregard of rightfully expected standards of behavior has been described as including a knowing falsehood or misrepresentation to an employer by an employee concerning an employee's work.." *Groover v. Unemployment Compensation Board of Review*, 134 Pa. Cmwlth. 617, 579 A.2d 1017, 1019 (1990). However, "an employee's dishonesty constitutes a disregard of expected standards of behavior only where the employee's actions are affirmatively deceptive." *Id.* at 1019–1020 (citing *Zelonis v. Unemployment Compensation Board of Review*, 39 Pa.Cmwlth. 516, 395 A.2d 712 (1979)).

In *Groover*, the claimant's fellow employee made an obscene telephone call to employer's office from the claimant's apartment and the claimant was present when the call was made. The claimant was also aware that an innocent employee was unjustly discharged because of this phone call. However, the claimant did not come forward with information that could have cleared the innocent employee. Later, the claimant was contacted by employer and she admitted that she withheld information that could have prevented the discharge of the innocent employee. Therefore, the employer disciplined the claimant by suspending her for 45 days. The claimant applied for unemployment benefits and was denied benefits by a Referee based on willful misconduct. The Board affirmed the Referee's decision on appeal. The claimant appealed to this Court, and we reversed the decision of the Board. We stated that:

> Claimant's failure to report her co-worker's questionable acts to her employer was reprehensible and caused regrettable consequences. However, where it is alleged that an employee's actions breached a duty, this court's role is not to decide what the employee should have done, but rather what she was obligated by a duty to her employer to do. We have found no law, nor has any been supplied by counsel, to support the contention that an employee's knowledge of a co-worker's questionable acts creates a duty to report those acts to her employer. To impose such a duty, would require an employee with knowledge of a co-worker's questionable acts to either report the co-worker and alienate those whose acts did not constitute misconduct or to remain silent and risk suspension or discharge at the hands of an employer in whose judgment the acts did constitute misconduct. We conclude that the imposition of such a duty is neither required by existing law nor consistent with sound judgment. Consequently, we hold that there is no such duty.
>
> . . .
>
> In the present case, it is not disputed that claimant neither participated in, nor encouraged, the obscene telephone call. There is also no suggestion in the record nor by the parties that claimant ever lied to conceal her coworker's misconduct. Clearly, claimant has not affirmatively acted to deceive employer. We conclude that her failure to disclose information regarding a co-worker's misconduct does not constitute a disregard of expected standards of behavior, as a result, no willful misconduct has been established.

*Groover*, 579 A.2d at 1019–1020 (Pa. Cmwlth.1990) (emphasis added).

Claimant argues that, pursuant to *Groover*, the Board erred by finding that he was guilty of willful misconduct. We disagree. In *Groover*, we explained that in order to be guilty of willful misconduct, the employee must affirmatively act to deceive the employer. In addition, the concurring opinion expressed this Court's unwilling-

ness to hold that an ordinary employee has the duty to "squeal" on a fellow employee. However, in the case *sub judice,* those concerns are not present because Claimant did, in fact, act affirmatively to deceive Employer. Rather than simply withholding the information about the theft of the curtain rod, Claimant took affirmative action when he, on his own initiative, called his supervisor and misled him about the circumstances regarding the taking of the curtain rod. Because Claimant affirmatively acted to deceive Employer, the Board did not err in holding that Claimant was guilty of willful misconduct and therefore ineligible for unemployment compensation benefits.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, July 29, 2004, the order of the Unemployment Compensation Board of Review docketed at B–420098 and dated December 18, 2003 is hereby AFFIRMED.