# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin L. Emery, : 
                Petitioner : 
                 : 
         v. :   No. 1907 C.D. 2017
                 :   Submitted: May 11, 2018
Unemployment Compensation : 
Board of Review, : 
             Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**          **FILED: August 1, 2018**

Petitioner Robin L. Emery (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed an Unemployment Compensation Referee's (Referee) determination that Claimant was ineligible for benefits under Section 402(b) of the Unemployment Compensation Law (Law), relating to voluntary quit without cause of a necessitous and compelling nature.[1] For the reasons set forth below, we now affirm the Board's order.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides, in part, that a claimant "shall be ineligible for compensation for any week" in which the claimant's "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

Claimant was employed by Twin Trees Inc. (Employer) as a direct support professional. She worked for Employer from March 5, 2010, through March 13, 2017. On March 13, 2017, Employer selected Claimant for random drug testing. Claimant's employment ended after she refused to participate in the drug test. Claimant subsequently filed for unemployment compensation benefits.

On May 15, 2017, the Erie UC Service Center (Service Center) issued a Notice of Determination, finding Claimant ineligible for benefits. (Certified Record (C.R.), Item No. 6.) The Service Center determined that Claimant had initiated the separation, and it denied her benefits under Section 402(b) of the Law. (*Id.*) Claimant appealed the decision of the Service Center. (C.R., Item No. 7.)

On June 26, 2017, a Referee conducted a hearing. (C.R., Item No. 10.) During the hearing, Claimant testified to the circumstances surrounding her separation from employment. John King (King), Employer's Chief Executive Officer, appeared to represent Employer, and Becky Miscovich (Employer's Witness), a program specialist and Claimant's direct supervisor, appeared as a witness for Employer. (*Id.* at 1, 7.)

At the hearing, Claimant sought to establish that she did not voluntarily quit her job and that, in reality, Employer discharged her from employment. Claimant testified that she had ingested marijuana and concluded that she would fail the drug test. (*Id.* at 4-5.) Claimant testified that, after refusing the drug test, Employer told her that she was discharged. (*Id.* at 4.) Claimant further testified that she loved her job and would not have left something that she loved. (*Id.* at 5.) Claimant explained that she admitted to Employer that she could potentially fail the drug test because she expected Employer to provide drug treatment assistance and permit Claimant to keep her job. (*Id.* at 4-5.)

2

Employer's Witness testified that she informed Claimant that Employer selected Claimant for a random drug test, but Claimant refused the test, stating she would fail the test because she used marijuana the preceding weekend. (*Id.* at 7.) Employer's Witness testified that she asked Claimant to reconsider refusing to take the drug test. (*Id.* at 7.) Employer's Witness testified that, after explaining to Claimant that a refusal to take the drug test would mean termination of her employment, Claimant stated that she would have to quit, gathered her belongings, and left the office. (*Id.*) Employer's Witness further testified that she did not have the authority to fire an employee. (*Id.*) That power belonged solely to King in his capacity as Employer's Chief Executive Officer. (*Id.*) Employer's Witness explained that Employer maintains its drug policy because it cares for the most vulnerable members of society, who require attentive staff. (*Id.* at 11.)

The Referee affirmed the determination of the Service Center and made the following relevant findings of fact:

1. The claimant was employed by Twin Trees Inc. as [a] direct support professional. Her period of employment was March 5, 2010 through March 13, 2017.

2. The employer provides services for vulnerable populations.

3. The employer maintains a policy, of which the claimant was aware, which provides for random drug testing and that refusal to be tested will result in termination of employment.

4. The claimant was selected for random drug testing.

5. The claimant had ingested marijuana the preceding weekend and concluded that she would fail the test.

6. The claimant refused the test, noting that she would fail.

7. The claimant indicated to the employer that her therapist had encouraged her to smoke marijuana.

3

8. The claimant was asked whether she had a prescription for marijuana and she indicated that she did not.

9. The employer encouraged the claimant to undergo the test, noting that her job was at stake, and she declined.

10. The claimant notified the employer that she was quitting her position.

(C.R., Item No. 11.)

The Referee, in affirming the Service Center's determination, concluded that Claimant was ineligible for benefits under Section 402(b) of the Law, because she voluntarily quit her employment without cause of a necessitous and compelling nature. (*Id.*) The Referee reasoned that the testimony and evidence indicated that Claimant quit her employment when asked to take the drug test. (*Id.*) The Referee concluded that quitting when confronted with a drug test is not a necessitous and compelling cause for voluntarily quitting employment. (*Id.*) In the alternative, the Referee concluded that if Employer had discharged Claimant from employment, she would still have been ineligible for benefits because "she violated a reasonable policy by refusing a drug test."[2] (*Id.*)

Claimant appealed the Referee's decision to the Board. (C.R., Item No. 12.) The Board adopted and incorporated the Referee's findings and conclusions, and it affirmed the Referee's decision. (C.R., Item No. 13.) Claimant then petitioned this Court for review.

---

[2] We note that Section 402(e.1) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e.1), provides that a claimant shall be ineligible for benefits for any week "[i]n which his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement."

4

On appeal to this Court,[3] Claimant argues that substantial evidence does not exist to support a finding that she quit her employment. Claimant also argues that because she did not voluntarily quit her job, the Board erred as a matter of law in concluding that she was ineligible for benefits pursuant to Section 402(b) of the Law.

First, we will address Claimant's argument that substantial evidence does not exist to support the Board's finding that she voluntarily quit her job. We interpret this argument as a challenge to finding of fact number 10, which provides: "The claimant notified the employer that she was quitting her position." (C.R., Item No. 11.) Substantial evidence is defined as "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any logical and reasonable inferences that can be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Review*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal so long as the record taken as a whole contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984).

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Here, Employer's Witness testified that on March 13, 2017, Employer informed Claimant that she was selected for a random drug test, but Claimant refused to participate in the test. (C.R., Item No. 10 at 7.) Employer's Witness explained Employer's policy—*i.e.*, refusal to participate in a drug test would result in termination of employment—to Claimant. (*Id.*) Claimant responded by stating that she had to quit, collected her belongings, and left the premises. (*Id.*) Employer's Witness also testified that King is the only person with the authority to terminate an employee. (*Id.*) In an unemployment case, it is well-settled that the Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Review*, 501 A.2d 1383, 1386 (Pa. Cmwlth. 1985). Questions of credibility are not subject to re-evaluation on judicial review. (*Id.* at 1388.) The Board is also empowered to resolve conflicts in the evidence. *DeRiggi v. Unemployment Comp. Bd. of Review*, 856 A.2d 253, 255 (Pa. Cmwlth. 2004). "The fact that [the petitioning party] may have produced witnesses who gave a different version of the events, or that [the petitioning party] might view the testimony differently than the Board is not grounds for reversal if substantial evidence supports the Board's findings." *Tapco, Inc. v. Unemployment Comp. Bd. of Review*, 650 A.2d 1106, 1108-09 (Pa. Cmwlth. 1994). Here, the testimony of Employer's Witness provides substantial evidence to support the finding that "[t]he claimant notified the employer that she was quitting her position." (C.R., Item No. 11.) The fact that Claimant offered a different version of the facts does not alter our analysis.

Next, we will address Claimant's argument that the Board erred in concluding that she was ineligible for benefits pursuant to Section 402(b) of the Law because she did not voluntarily quit her employment. Whether a claimant's

6

separation from employment is the result of a voluntary action or a discharge is a question of law subject to review by this Court and must be determined from a totality of the facts surrounding the cessation of employment. *Key v. Unemployment Comp. Bd. of Review*, 687 A.2d 409, 412 (Pa. Cmwlth. 1996). A claimant seeking unemployment compensation benefits bears the burden of establishing that her separation from employment was involuntary. *Spadaro v. Unemployment Comp. Bd. of Review*, 850 A.2d 855, 859 (Pa. Cmwlth. 2004). Where an employee, without action by the employer, leaves or quits work, the employee's action is considered voluntary under the law. *Roberts v. Unemployment Comp. Bd. of Review*, 432 A.2d 646, 648 (Pa. Cmwlth. 1981).

We must reject Claimant's argument that the Board erred in concluding that she was ineligible for benefits under Section 402(b) of the Law because she did not voluntarily quit her employment. As discussed above, the Referee and Board accepted as credible Employer's Witness's testimony that Claimant told her supervisor that she had to quit, gathered her belongings, and left. We, again, note that this finding is supported by substantial evidence. Based on that finding, the Board did not err when it held that Claimant voluntarily quit her employment.

Nevertheless, pursuant to Section 402(b) of the Law, a claimant who voluntarily quits her employment may be eligible for unemployment compensation benefits if she voluntarily quit for cause of a necessitous and compelling nature. Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant who voluntarily quits her employment bears the burden of proving that necessitous and compelling reasons motivated that decision. *Fitzgerald v. Unemployment Comp. Bd.*

*of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). In order to establish cause of a necessitous and compelling nature, a claimant must establish that: (1) circumstances existed that produced real and substantial pressure to terminate employment; (2) like circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment. *Procito v. Unemployment Comp. Bd. of Review*, 945 A.2d 261, 264 (Pa. Cmwlth. 2008). Quitting employment due to the possibility of firing does not constitute a necessitous and compelling reason for voluntarily quitting one's employment. *Ganter v. Unemployment Comp. Bd. of Review*, 723 A.2d 272, 275 (Pa. Cmwlth. 1999).

Claimant has not established a necessitous and compelling reason to quit her job. Here, Claimant quit rather than risk termination for a failed drug test for using marijuana.[4] Thus, Claimant has not established a necessitous and compelling reason to voluntarily quit her job. The Board, therefore, did not err when

---

[4] Claimant also appears to argue that the drug test was improper, though her argument is unclear and underdeveloped. For an employee to establish a necessitous and compelling reason to voluntarily quit employment, the employee must have made a reasonable effort to preserve employment. Claimant did not mention the alleged issue to Employer when she refused to take the drug test. If Claimant had a concern regarding the testing procedure, she could have attempted to discuss the concern with Employer. Claimant did not. Thus, Claimant cannot establish that she made a reasonable effort to preserve her employment. On the other hand, if Employer had terminated Claimant's employment rather than Claimant having quit, then whether the drug test was in compliance with the law would have been relevant to our analysis, provided that Claimant had properly preserved the issue for our review. The Board, however, did not find that Employer terminated Claimant's employment. Section 402(e.1) of the Law, therefore, does not apply, and Claimant's argument must fail. Further, Claimant did not raise this issue before the Referee or in her appeal to the Board. Claimant, therefore, has waived the issue. *See* Pa. R.A.P. 1551(a) (providing that, except in limited circumstances not applicable to this matter, "[n]o question shall be heard or considered by the court which was not raised before the government unit").

it concluded that Claimant failed to establish cause of a necessitous and compelling nature for voluntarily leaving her employment.

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin L. Emery,                          :
                  Petitioner       :
                                :
            v.                               :    No. 1907 C.D. 2017
                                :
Unemployment Compensation                :
Board of Review,                         :
                  Respondent       :

## **O R D E R**

AND NOW, this 1st day of August, 2018, the order of the Unemployment Compensation Board of Review is AFFIRMED.

                                          
                      P. KEVIN BROBSON, Judge