IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmen Booker,                  :
              Petitioner      :
                               :
      v.                         : No. 77 C.D. 2025
                               : Submitted: February 3, 2026
Unemployment Compensation    :
Board of Review,                 :
              Respondent   :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MATTHEW S. WOLF, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED: March 31, 2026


Carmen Booker (Claimant), representing herself, petitions for review of the December 16, 2024 order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed the UC Referee's (Referee) decision dismissing as untimely her appeal under Section 501(e) of the UC Law (Law).[1] Upon review, we affirm.

## BACKGROUND

The facts and procedural history of this case are undisputed. On March 12, 2024, Claimant applied for UC benefits. Certified Record (C.R.) at 3. On April 17, 2024, the Department of Labor and Industry (Department) issued a disqualification

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

determination (Determination), finding her ineligible for UC benefits under Sections 402(h) and 4(*l*)(2)(B) of the Law,[2] because Claimant was self-employed. *Id.* at 43. Specifically, the Determination noted Claimant was "engaged in self-employment while working in regular employment" and failed to furnish documents concerning her business's profits and losses. *Id.* Claimant had until May 8, 2024 to file a timely appeal. *Id.* On July 9, 2024, more than two months later, Claimant appealed the Determination.[3] *Id.* at 61.

On October 25, 2024, the Referee conducted a hearing, at which only Claimant testified. The Referee questioned Claimant about her selected notification method for UC benefits, and when she received and appealed the Determination. *Id.* at 90-93. On November 8, 2024, the Referee issued a decision dismissing the appeal as untimely under Section 501(e) of the Law. *Id.* at 105. In support, the Referee rendered the following findings of fact:

1. [C]laimant's preferred notification method is internal message with email notification.

2. On April 17, 2024, [the D]etermination was issued finding [C]laimant ineligible for unemployment compensation benefits.

---

[2] Section 402(h) of the Law provides: "An employe shall be ineligible for compensation for any week . . . [i]n which he is engaged in self-employment . . . ." 43 P.S. § 802(h). Section 4(*l*)(2)(B) provides relevant part:

Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that--(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

43 P.S. § 753(*l*)(2)(B).

[3] Claimant represented herself throughout the proceedings below.

3. A Copy of th[e] [D]etermination was issued to [C]laimant electronically through internal message with email notification on the above date.

4. The Notice of Determination was not returned as being undeliverable.

5. The Notice of Determination informed [C]laimant that there were twenty-one (21) days from the date of that [D]etermination in which to file an appeal if [C]laimant disagreed with the [D]etermination. The last day on which a valid appeal could be filed from that [D]etermination was May 8, 2024.

6. [C]laimant did not file an appeal on or before May 8, 2024, but waited until July 9, 2024.

7. [C]laimant was not misinformed nor in any way misled regarding the right to appeal or the need to appeal.

*Id.* at 104. Claimant timely appealed to the Board, which affirmed the Referee's decision on December 16, 2024. *Id.* at 119-20; 131. In so doing, the Board adopted and incorporated the Referee's findings of fact and conclusions of law. *Id.* at 130-31. Given the conflicts in her testimony, the Board did not find Claimant credible. *Id.* at 131. Claimant sought reconsideration, which the Board denied. *Id.* at 152-55. Claimant now petitions this Court for review.[4]

**DISCUSSION**

On appeal, Claimant argues only that she timely appealed the Determination to the Referee, i.e., before the May 8, 2024 deadline. Claimant's Br. at 5. In support, she claims, contrary to the Referee's finding, as adopted by the Board, she filed the appeal via e-mail on April 23, 2024, rather than July 9, 2024. *Id.* at 8.

---

[4] We decline to consider any evidence Claimant attempts to introduce to establish the timeliness of her appeal that she did not submit to the Referee. It is well settled that this Court may not consider evidence that is not part of the certified record on appeal. *See Umedman v. Unemployment Comp. Bd. of Rev.*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012).

3

"This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). Substantial evidence is defined as "relevant evidence upon which a reasonable mind could base a conclusion." *Johnson v. Unemployment Comp. Bd. of Rev.*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986) (citation omitted). In determining whether substantial evidence supports the Board's findings, this Court must examine the testimony in a light most favorable to the prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence. *Id.* A determination as to whether substantial evidence exists to support a finding of fact can only be made upon examination of the record as a whole. *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829, 831 (Pa. 1977). The Board's findings of fact are conclusive on appeal only so long as the record, taken as a whole, contains substantial evidence to support them. *Penflex, Inc. v. Bryson*, 485 A.2d 359, 365 (Pa. 1984) (citation omitted). Separately, the Board's findings of fact not specifically challenged are conclusive upon review. *Campbell v. Unemployment Comp. Bd. of Rev.*, 694 A.2d 1167, 1169 (Pa. Cmwlth. 1997) (citation omitted).

Section 501(e) of the Law requires claimants to file an appeal within 21 days of receiving a notice of determination from the Department. 43 P.S. § 821(e). Specifically, it provides:

> (e) Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the department under section five hundred and one (a), (c) and (d), no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the department,

4

with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e) (footnote omitted). Claimants may transmit their appeal using any one of the following methods: by United States mail, common carrier, fax, e-mail, online via the Pennsylvania UC Claims System, and in-person at a workforce investment office or the Board. 34 Pa. Code § 101.82(b). Failure to file a timely appeal under Section 501(e) is a jurisdictional defect and the time period cannot be extended as a matter of grace. *Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) (citation omitted). "Therefore, an appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

Here, at the core, Claimant appears to argue that substantial evidence does not support the Referee's, and by extension the Board's, finding that she appealed the Determination on July 9, 2024. We disagree. At the Referee hearing, Claimant initially testified she appealed the Determination on April 10, 2024. C.R. at 92. When the Referee pointed out the Determination was not issued until April 17, 2024, a week after her purported appeal date, Claimant responded: "I was just making guesses because it's been several months." *Id.* When asked whether she recalled the filing date, Claimant testified she did not, but "it was probably in the month of April" when she appealed via e-mail. *Id.* In response to the Referee's question whether she had any confirmation indicating when she filed the appeal, Claimant stated she had received an e-mail reply from the Department. *Id.* Claimant, however, neither submitted the appeal e-mail nor the confirmation e-mail into the record. *Id.*

The Referee then showed Claimant a copy of an e-mail dated July 9, 2024, and asked whether she had appealed the Determination via that e-mail. *Id.* at 93. Claimant responded in the affirmative. *Id.* In explaining her failure to file an appeal before the May 8, 2024 deadline, Claimant testified: "I was learning the system and all the steps that this process required. And I just was not up to snuff with understanding the processes and in pursuit of unemployment and getting information and documentation and these forms to Unemployment." *Id.* Accordingly, based on our review of Claimant's testimony, which the Board did not find credible, substantial evidence exists to support the finding that Claimant did not appeal the Determination until July 9, 2024.[5]

Insofar as Claimant insists she appealed the Determination on April 23, 2024, rather than on July 9, 2024, she essentially is challenging the Board's weight and credibility determination and inviting us to accept her proffered version of the facts. We, however, cannot do so. In a UC case, it is well settled that the Board is the ultimate fact-finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1388 (Pa. 1985). The Board also "is empowered to resolve

---

[5] There are instances when an appeal can be treated as timely even if it is filed late. This may occur when the delay was caused by extraordinary circumstances where the court's, or the governmental agency's, actions involve fraud or through a breakdown in its operations thus causing a claimant not to file an appeal on time. Another way an untimely appeal can be considered timely is when a claimant or her attorney caused the lateness, but the reason for the delay was not due to negligence. *See Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996) (holding non-negligent circumstances existed where the appellant failed to file the appeal because he was suddenly hospitalized with a life-threatening illness). Where extraordinary circumstances exist, the appeal must be filed within a short period of time after learning of the untimeliness. *Cook*, 671 A.3d at 1131. However, Claimant does not argue this Court should excuse the untimeliness of her appeal from the Determination so we need not engage in an analysis of whether any of the exceptions, which would allow the untimely appeal to proceed, apply in this case.

conflicts in the evidence." *DeRiggi v. Unemployment Comp. Bd. of Rev.*, 856 A.2d 253, 255 (Pa. Cmwlth. 2004). As stated, "[q]uestions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Peak*, 501 A.2d at 1388. Thus, we decline to reweigh the evidence and substitute our judgment for that of the Board.

## CONCLUSION

Based on the foregoing, we are constrained to conclude that Claimant appealed the Determination outside the 21-day period set forth in Section 501(e) of the Law. We, therefore, affirm the Board's order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmen Booker, :
                   Petitioner :
                           :
      v. : No. 77 C.D. 2025
                           :
Unemployment Compensation :
Board of Review, :
               Respondent :

## **O R D E R**

AND NOW, this 31st day of March 2026, the December 16, 2024 order of the Unemployment Compensation Board of Review is hereby **AFFIRMED**.

_____
STACY WALLACE, Judge